# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1575

_____

United States of America,        *
                                       *

        Appellee,       *    Appeal from the United States
                                      *    District Court for the Eastern
    v.                       *    District of Missouri.
                                       *

Keith Byron Baranski,      *       [UNPUBLISHED]
                                       *

        Appellant.     *

_____

Submitted:   September 11, 2003

Filed:   September 23, 2003

_____

Before MELLOY, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

Keith Byron Baranski, a federally licensed firearms dealer, imported more than 400 machine guns from Eastern Europe. To remove the firearms from the customs warehouse, however, Baranski needed letters from law enforcement departments requesting demonstrations of the weapons or indicating a desire to purchase them. Baranski teamed up with a felon named Carmi who provided fictitious police department letters. Using the bogus letters, Baranski removed nearly fifty of the guns from the customs warehouse and sold them to Carmi. The scheme unraveled when the Bureau of Alcohol, Tobacco & Firearms (ATF) checked one of the letters.

The Government charged Baranski with conspiracy to import machine guns illegally by submitting false entries in forms submitted to the ATF. See 18 U.S.C. § 371. At trial, the evidence against Baranski included the allegedly false documents submitted to the ATF, the testimony of two co-conspirators, letters and faxes sent by Baranski, and the testimony of an ATF agent to whom Baranski had admitted submitting false documents. A jury convicted Baranski, and the district court[*] sentenced him to sixty months in prison. The Government sought and obtained criminal forfeiture of the weapons. See 26 U.S.C. § 5861(l).

On appeal, Baranski raises several issues. First, Baranski challenges the denial of his motion to suppress results of a search warrant. The district court properly denied the motion to suppress. Baranski was not entitled to a hearing under Franks v. Delaware, 438 U.S. 154 (1978), because there was probable cause for issuance of the warrant regardless of the alleged errors. United States v. Briscoe, 317 F.3d 906, 907 (8th Cir. 2003). The warrant should not have been suppressed for lack of particularity. Although the warrant did not set out the property to be seized, the warrant referred to a sealed affidavit that described the weapons. United States v. Cherna, 184 F.3d 403, 412-14 (5th Cir. 1999) (holding good faith exception applies). Even if the weapons should have been suppressed, their admission at trial was harmless error because Baranski was charged with knowingly making false statements on machine gun importation applications, and the documents and trial testimony proved the Government's case. Further, the district court did not clearly abuse its discretion in admitting the fifteen machine guns into evidence at trial. Their size, number, and military qualities were circumstantial evidence of Baranski's knowledge they were not being imported for sale to law enforcement. Baranski does not assert how admission of the weapons prejudiced him.

---

[*]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Baranski also challenges the sufficiency of the evidence to convict him. Viewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could have found Baranski guilty beyond a reasonable doubt. United States v. Yockel, 320 F.3d 818, 824 (8th Cir. 2003). The evidence showed Baranski made false statements on ATF applications, knew the police letters were fraudulent, planned to sell the weapons to Carmi whom Baranski knew could not legally buy them, and joined the conspiracy admitted by Carmi.

Next, Baranski asserts the district court should have granted a new trial because of alleged prosecutorial misconduct, specifically, allegedly improper cross-examination and closing argument during trial. Having carefully reviewed the record, we conclude the alleged misconduct did not substantially prejudice Baranski. Darden v. Wainwright, 477 U.S. 168, 181 (1986) (to warrant reversal, prosecutorial misconduct must so infect the trial with unfairness that the defendant's conviction is a denial of due process).

Last, Baranski challenges the criminal forfeiture of weapons and accessories. The indictment included a notice of forfeiture of 372 machine guns and twelve crates of accessories for them under 26 U.S.C. §§ 5872 and 7302, 28 U.S.C. § 2461(c), and 21 U.S.C. § 853. We conclude forfeiture was authorized under 28 U.S.C. § 2461(c), which provides:

> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment . . . with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the indictment . . . and upon conviction, the court shall order the forfeiture of the property . . . .

Although Baranski was convicted of a conspiracy under 18 U.S.C. § 371, the indictment alleged Baranski committed the conspiracy by making and submitting

false entries on applications in violation of 26 U.S.C. § 5861(l). Forfeiture of firearms involved in any violation of 26 U.S.C. § 5861(l) is authorized by 26 U.S.C. 5872. Thus, the forfeiture was legally permissible. Further, the evidence was sufficient to support the forfeiture order. The district court only had to find the weapons were intended to be used to commit or facilitate commission of the charged crime. 21 U.S.C. § 853(a)(2). Carmi's testimony supported the finding that Baranski intended to sell the seized guns to Carmi.

Having considered and rejected all the issues raised by Baranski, we affirm the district court.

_____