# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2203

_____

Keith Byron Baranski,                     *
                                          *
          Plaintiff - Appellant,          *
                                          *     Appeal from the United States
     v.                                   *     District Court for the
                                          *     Eastern District of Missouri.
United States of America,                 *
                                          *
          Defendant - Appellee.           *
                                          *

_____

Submitted: September 27, 2007
Filed: January 16, 2008

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Keith Baranski moved under 28 U.S.C. § 2255 to vacate or set aside his sentence for conspiracy to import machine guns illegally. Although the district court[1] denied the motion, it granted a certificate of appealability to review its decision in light of <u>Groh v. Ramirez</u>, 540 U.S. 551 (2004). Baranski appeals, and we affirm.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Baranski was indicted for conspiracy to import machine guns by submitting false entries on forms for the Bureau of Alcohol, Tobacco, and Firearms (ATF) in violation of 18 U.S.C. § 371 and 26 U.S.C. § 5861(l) after ATF agents had seized 372 machine guns and 12 crates of accessories from a warehouse pursuant to a search warrant. Baranski filed a pretrial motion to suppress the weapons. The trial court denied the motion and allowed a limited number of the weapons into evidence. Other trial evidence included documents submitted by Baranski to ATF, letters and faxes sent by Baranski, and testimony from ATF agents and coconspirators. The jury found Baranski guilty, and he was sentenced to sixty months and the seized weapons were forfeited to the government.

Baranski unsuccessfully appealed on several grounds. He continued to argue that the search warrant violated the Fourth Amendment's particularity requirement because it did not list the items sought. The warrant did, however, incorporate a sealed affidavit which specified the objects of the search although it was not attached to the warrant at the time of the search.[2] We upheld Baranski's conviction, concluding that Baranski's Fourth Amendment claims failed because the agents had acted in good faith pursuant to the warrant, that the district court had not erred by admitting fifteen of the seized firearms, and that any error from the admission of the guns would have been harmless. United States v. Baranski, 75 F. App'x 566 (8th Cir. 2003) (per curiam), cert. denied, 541 U.S. 1011 (2004) (Baranski I).

After his petitions for rehearing, rehearing en banc, and certiorari were denied, Baranski filed this § 2255 motion, again arguing that the trial court erred in not suppressing the weapons and also contending that the Supreme Court's intervening decision in Groh v. Ramirez, 540 U.S. 551 (2004), and his success in a since reversed Bivens action entitled him to relief. The government disagreed and argued that

---

[2]An attorney for the warehouse was present at the time of the search and was informed by an agent what ATF was looking for pursuant to the warrant.

Baranski was barred under Stone v. Powell, 428 U.S. 465 (1976), from again raising his Fourth Amendment claim. The district court denied the motion without a hearing, concluding that Baranski's Fourth Amendment claim was not cognizable on a § 2255 motion because it had been raised and decided on direct appeal, relying on Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992), and also citing Stone. The district court then granted a limited certificate of appealability to review its decision in light of Groh.

Our review in this matter is restricted to the issue in the certificate of appealability. See, e.g., Pruitt v. United States, 233 F.3d 570, 572-73 (8th Cir. 2000). The legal issues are reviewed de novo, but we review any underlying factual findings for clear error. United States v. Davis, 406 F.3d 505, 508 (8th Cir. 2005).

In Stone, the Supreme Court curtailed the ability of state prisoners to raise Fourth Amendment issues in § 2254 habeas proceedings in federal court, holding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 482. Although we have not addressed the issue, some courts of appeal have ruled that the Stone bar also applies when federal prisoners seek to raise Fourth Amendment claims under § 2255. See, e.g., United States v. Cook, 997 F.2d 1312, 1317 (10th Cir. 1993); United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

Stone left open the question of whether Fourth Amendment claims may be raised by federal prisoners under § 2255, see Matta-Ballesteros v. Henman, 896 F.2d 255, 262 n.8 (7th Cir. 1990), and it did not overrule Kaufman v. United States, 394 U.S. 217 (1969). See Stone, 428 U.S. at 479-81 & n.16. In Kaufman, the Court had unequivocally held that a claim of unconstitutional search and seizure is cognizable

in a § 2255 proceeding, 394 U.S. at 231, and a <u>Stone</u> footnote suggested a different policy reason might underlie <u>Kaufman</u> because of the Court's supervisory role over federal proceedings. <u>See</u> 428 U.S. at 481 n.16. It is well recognized that the supervisory power of federal appellate courts over district courts is broader than its authority to review state court decisions under § 2254. <u>See</u> <u>Cupp v. Naughten</u>, 414 U.S. 141, 146 (1973). We conclude that <u>Stone</u> does not bar our consideration of the issue certified by the district court, that is whether <u>Groh v. Ramirez</u> would entitle Baranski to prevail on his § 2255 motion.

<u>Groh</u> was a <u>Bivens</u> action against ATF agents who conducted a search of a ranch pursuant to a search warrant which in the space allotted for items to be seized only described the house to be searched, not the weapons the agents hoped to find. 540 U.S. at 554. Although the application for the warrant listed the items sought, it was under seal and neither accompanied the warrant nor was incorporated into it. <u>Id.</u> at 554-55. The Court held that the warrant was "plainly invalid" under the Fourth Amendment's particularity requirement because it "did not describe the items to be seized *at all.*" <u>Id.</u> at 557-58 (emphasis in original). The Court reaffirmed that a search conducted pursuant to a warrant which does not conform to the particularity requirement is unconstitutional, and it found this rule sufficiently well established to deprive the agents of qualified immunity. <u>Id.</u> at 559, 563-65.

We subsequently had occasion to consider the application of <u>Groh</u> in somewhat similar circumstances. <u>United States v. Gamboa</u>, 439 F.3d 796, 807 (8th Cir.), <u>cert. denied</u>, __ U.S. __, 127 S. Ct. 605 (2006). In <u>Gamboa</u>, we held that a warrant which did not list the objects of the search but incorporated a document listing the items to be seized did not violate the particularity requirement, for an "'affidavit may provide the necessary particularity for a warrant if it is either incorporated into or attached to the warrant.'" <u>Id.</u>, quoting <u>Rickert v. Sweeney</u>, 813 F.2d 907, 909 (8th Cir. 1987). We distinguished <u>Groh</u> because that case "did not rule upon the validity of a warrant that

-4-

sufficiently incorporated a second document in order to meet the particularity requirement." Id.

Analogous to Gamboa, the warrant here also referred to an incorporated document, a sealed affidavit which described the items sought. In contrast to the warrant in Groh, the warrant in Baranski's case plainly showed that a neutral magistrate had approved the search with reference to the incorporated affidavit and had had the opportunity to limit the scope of the search authorized. Cf. Groh, 540 U.S. at 561 n.4 (whether the magistrate was aware of the scope of the authorized search was not ascertainable).

Baranski argues that Groh requires that a supporting document accompany a warrant in order to supplement any deficiency in particularity, citing a since vacated panel decision in the Sixth Circuit finding the warehouse search in Baranski's case unconstitutional because the warrant had not described the evidence sought and the incorporated affidavit was not attached at the time of the search. Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms, 401 F.3d 419, 428-29 (6th Cir. 2005). According to the panel, the agents' claims of qualified immunity should therefore have been denied. Id. at 432. In contrast to the panel, the en banc court distinguished Groh, reasoning that it had turned on the facial invalidity of the warrant there and that it had not established a "bright-line rule" that an incorporated affidavit must accompany a warrant at the time of the search. Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms, 452 F.3d 433, 443 (6th Cir. 2006) (en banc), cert. denied, __ U.S. __, 127 S. Ct. 1908 (2007). Because the warrant in Baranski's case satisfied the particularity requirement when issued and because officers performed the search reasonably, no constitutional violation occurred. Id. at 436.

We agree that Groh does not entitle Baranski to relief on his Fourth Amendment claim. Rather than announcing a new principle of law, Groh applied the text of the Fourth Amendment and long standing precedent to a particular set of facts.

Cf. Smith v. Groose, 205 F.3d 1045, 1053 (8th Cir. 2000), citing Teague v. Lane, 489 U.S. 288 (1989) (noting that for purposes of determining retroactive application a new rule of law is one that is not dictated by precedent and that does not break new ground or impose a new obligation on the government). We have previously distinguished Groh from a situation like the one here where an incorporated document provided "'the necessary particularity for [the] warrant'" required under the Fourth Amendment. Gamboa, 439 F.3d at 807 (citation omitted).

On direct appeal we earlier determined that the district court did not err in denying Baranski's motion to suppress since the agents had acted in good faith and that any error from admission of the evidence would have been harmless. Baranski I, 75 F. App'x at 568. Those rulings are the law of the case and will not be disturbed absent an intervening change in controlling authority. See United States v. Blahowski, 324 F.3d 592, 596-97 (8th Cir. 2003); see also Liberty Mut. Ins. Co. v. Elgin Warehouse & Equip., 4 F.3d 567, 571 (8th Cir.1993). Because Groh does not represent a change in law that would affect Baranski's case, we affirm the order of the district court.

_____