FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

WILLIAM D. CARPENTER,

       Defendant - Appellant.

No. 14-5103
(D.C. No. 4:96-CR-00168-GKF-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

William D. Carpenter, a former federal prisoner appearing pro se, appeals from

the district court's August 15, 2014, order that: (1) denied his motions to terminate

or modify the schedule for payments toward his 1997 sentence of restitution;

(2) dismissed with prejudice his motion for coram nobis, construed as a motion

attacking the validity of his 1997 sentence under 28 U.S.C. § 2255; and (3) denied

him a certificate of appealability (COA) under 28 U.S.C. § 2253(c) with respect to

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the § 2255 motion, as reclassified.  He also seeks leave to proceed on appeal in forma pauperis (IFP).  The government has filed a response.

We have construed Mr. Carpenter's briefs liberally because he is pro se, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), and "have tried to discern the kernel of the issues []he wishes to present on appeal," *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).  He seeks a determination that certain statutory changes made by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) do not apply to his 1997 conviction because he committed the last acts upon which this conviction was based in 1993, well before AEDPA's enactment on April 24, 1996.[1]  He challenges:  (1) the requirement of a COA to appeal the denial of a § 2255 motion; (2) the requirement that he make restitution payments for twenty years after his release from prison under 18 U.S.C. § 3613(b) and (f), instead of only five years under the former 18 U.S.C. § 3663(f)(2)(B) (1995); and (3) the application of AEDPA's one-year statute of limitations, 28 U.S.C. § 2555(f).  He argues that applying AEDPA to his 1997 conviction is an ex post facto violation and works an

---

[1]     Mr. Carpenter makes repeated references in his opening brief to "PLRA," that is, the Prison Litigation Reform Act of 1995. *E.g.*, Aplt. Opening Br. at 2-4.  The specific statutory changes he challenges were made by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), not PLRA.  He shows in his reply, however, that "PLRA" is his shorthand for "[t]he Anti-Terrorism and effective death penalty act\Prisoner's Litigation Reform Act of APRIL 1996 (PLRA)."  Aplt. Reply at 3.  Thus, his materials, read liberally, make clear his intent to challenge the application of changes made by AEDPA to his 1997 conviction.  PLRA and AEDPA are separate congressional acts, but both of them went into effect in April 1996. *See Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1151 (10th Cir. 2009) (PLRA); *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (AEDPA).

unconstitutional suspension of the writ of habeas corpus. He also argues that the Internal Revenue Service (IRS), which he admits he defrauded, is a private corporation based in Puerto Rico rather than an agency of the federal government, so he did not defraud the United States.

As explained below, we conclude that Mr. Carpenter's arguments are frivolous. The law in this circuit has long been settled that the challenged changes made by AEDPA apply to a conviction entered after the date of AEDPA's enactment, such as Mr. Carpenter's 1997 conviction. And although we conclude that the COA requirement does not apply to Mr. Carpenter's appeal from the district court's denial of his motion for coram nobis, it is for a different reason than the baseless reason he asserts. Accordingly, we dismiss the appeal as frivolous and deny his motion for IFP. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

## I. Background

In the underlying case, Mr. Carpenter pled guilty in January 1997 in the Northern District of Oklahoma to conspiracy to defraud the United States. No. 96-cr-168, Doc. 13, at 1 (N.D. Okla.). Judgment was entered on May 21, 1997. *Id.* The district court sentenced him to thirty months' imprisonment and three years of supervised release. Finding that the loss to the IRS was more than $15,000 for purposes of restitution, the court also ordered Mr. Carpenter to pay $5,400 in restitution to the IRS. *Id.* at 4-5. Mr. Carpenter apparently completed his term of imprisonment and supervised release some years ago.

In 2002, Mr. Carpenter pled guilty in the Eastern District of Oklahoma to making a false claim against the United States. That district court sentenced Mr. Carpenter to thirty months' imprisonment and three years of supervised release, which he has completed. He was also ordered to pay $8320.48 in restitution and to pay $10 per month toward that obligation.

Over the years, Mr. Carpenter has filed a number of motions, styled various ways, to challenge his restitution obligations under his 1997 and 2002 federal convictions. This included two March 2014 motions which, together, asserted a claim for habeas relief in his 1997 case in the Northern District. R. at 9, 76 (Docs. 50, 52). The district court denied the habeas claim presented in these two motions as untimely and denied Mr. Carpenter a COA. *See* R. at 79-80 (Doc. 54). Mr. Carpenter did not appeal this order.

In another March 2014 motion filed in this 1997 case, Mr. Carpenter requested modification of his restitution payments so that his combined monthly payment for both of his federal cases would be $10. *Id.* at 13, 77 (Doc. 51, referring to this request in Doc. 50). The district court entered an order (Doc. 55) directing the government to respond to this motion. After the government filed its response, *id.* at 81 (Doc. 56), Mr. Carpenter filed another motion to modify his restitution payments, arguing that his liability to pay restitution should have ended after ten years. *See id.* at 97 (Doc. 58). He also filed a petition for writ of coram nobis, arguing that his liability to pay restitution should have ended in 2013, that he was not

liable to pay restitution for twenty years under a change made to the law after the date of the last offense he had committed, and that 18 U.S.C. § 3231 was not lawfully enacted, so he should not have been indicted. *Id.* at 99-100, 103, 105-06 (Doc. 60). The district court considered Mr. Carpenter's three motions (Docs. 51, 58, and 60) in one order, *id.* at 112 (Doc. 61), and this is the order identified, by date of entry, in Mr. Carpenter's notice of appeal, *id.* at 118 (Doc. 63).

The district court held that it lacked subject matter jurisdiction to modify Mr. Carpenter's $10 monthly obligation in the 2002 Eastern District case. The court noted that he had paid $528 toward his restitution obligation in the underlying 1997 Northern District case, but denied his motions to terminate or modify his restitution payments because he "ha[d] not demonstrated a substantial change in his financial condition since sentencing," as required for a modification under the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. § 3664(k). R. at 116. The court also explained that he was liable to pay restitution for twenty years after his release under the MVRA, 18 U.S.C. § 3613(b) and (f). R. at 114 & n.4. The court construed Mr. Carpenter's motion for coram nobis as a § 2255 application alleging the unlawful enactment of 18 U.S.C. § 3231, the statute granting district courts jurisdiction over all offenses against the laws of the United States. The court dismissed Mr. Carpenter's § 2255 motion with prejudice as untimely under AEDPA's one-year statute of limitations, 28 U.S.C. § 2255(f), and denied him a COA.

II.  Discussion

We review the district court's denial of a motion to modify restitution for abuse of discretion.  *See United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005) (per curiam).  We review the district court's application of law de novo. *United States v. Martinez*, 610 F.3d 1216, 1230 (10th Cir. 2010).  The district court denied relief based on Mr. Carpenter's inability to meet the standards set by the MVRA in 18 U.S.C. §§ 3664(k) and 3613(b) and (f).  Mr. Carpenter does not dispute the district court's conclusion that his financial circumstances have not substantially changed.  He argues, rather, that the 1996 changes to the restitution scheme should not apply to the execution of his 1997 sentence of restitution because the last criminal acts upon which this conviction was based were committed in 1993.  We find no error.

Before April 1996, restitution was governed by the Victim and Witness Protection Act of 1982 (VWPA).  *Martinez*, 610 F.3d at 1230.  Restitution was discretionary with district courts, *id.*, and a defendant's liability to pay restitution ended five years after his term of imprisonment ended, *see* 18 U.S.C. § 3663(f)(2)(B) (1995).  The VWPA was amended on April 24, 1996, by the MVRA, which was part of AEDPA.  *United States v. Olson*, 104 F.3d 1234, 1237 n.2 (10th Cir. 1997).  Under the MVRA, restitution is mandatory for certain crimes, *see* 18 U.S.C. § 3663A(c), and payments may be collected from a defendant for twenty years after his release from imprisonment, *see id.* § 3613(b) and (f).

- 6 -

This court has long held that the purpose of restitution is not to punish criminal defendants, but to give victims of crime make-whole relief for their losses. *See United States v. Nichols*, 169 F.3d 1255, 1279 (10th Cir. 1999). As a result, we also concluded long ago that the changes made by the MVRA apply to convictions entered on or after its enactment date, even if the criminal conduct occurred before April 24, 1996. *Id.* at 1278-80; *see also United States v. McVeigh*, 153 F.3d 1166, 1176-77 (10th Cir. 1998) (stating that the last criminal act for which Mr. Nichols was convicted was committed on April 19, 1995). And because a sentence of restitution does not constitute criminal punishment, application of the MVRA to conduct committed prior to April 24, 1996, does not implicate the Ex Post Facto Clause. *See Nichols*, 169 F.3d at 1278-80. Thus, the district court did not err in applying the MVRA to Mr. Carpenter's motions to terminate or modify restitution, and the motions were properly denied due to his failure to meet the requirements of 18 U.S.C. §§ 3664(k) and 3613(b) and (f).

We are presented with a separate jurisdictional question as to Mr. Carpenter's appeal from the district court's denial of his motion for coram nobis, reclassified as a § 2255 motion, and the court's denial of a COA. Although a COA is not required for most appeals brought by a federal prisoner, "[t]his court lacks jurisdiction to consider the merits of a § 2255 issue unless a petitioner obtains a COA," *United States v. Viera*, 674 F.3d 1214, 1219 (10th Cir. 2012) (citing 28 U.S.C. § 2253(c)(1)(B)). As a

result, the threshold jurisdictional question for this appeal is whether Mr. Carpenter's motion for coram nobis is properly treated as a § 2255 motion.

How a particular filing should be treated is a question properly determined by the court, independent of the label the prisoner applied to it. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." (citations omitted)). And since we address this question as part of the COA inquiry upon which our jurisdiction depends, it is for us to resolve. "We have jurisdiction to determine our jurisdiction." *Hamilton v. Gonzales*, 485 F.3d 564, 565 (10th Cir. 2007).

Mr. Carpenter's argument that he does not need a COA because AEDPA does not apply to his 1997 conviction is without arguable merit; the procedural requirement of a COA applies to any § 2255 appeal filed after AEDPA's effective date. *See Slack v. McDaniel*, 529 U.S. 473, 481 (2000); *English v. Cody*, 241 F.3d 1279, 1281 (10th Cir. 2001). As explained below, however, we conclude that the district court improperly reclassified Mr. Carpenter's motion for coram nobis under § 2255 and, as a result, he does not need a COA to appeal.

Mr. Carpenter's challenge to his 1997 sentence of restitution could not be brought under § 2255 for at least two reasons. First, he was no longer in federal

custody under this sentence, as required for a motion under § 2255. *See Rawlins v. Kansas*, 714 F.3d 1189, 1195 (10th Cir.), *cert. denied*, 134 S. Ct. 365 (2013). Second, to the extent that he challenged the execution of his sentence of restitution rather than its imposition, his motion did not come within the purview of § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (stating that "[a] petition [filed] under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined," while "[a] 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence" (internal citations omitted)). Moreover, even if conversion of Mr. Carpenter's motion for coram nobis to § 2255 had been proper (which it was not) because he also challenged the validity of his indictment, it was a second or successive § 2255 petition because he had previously filed a motion under § 2255.[2] In such a situation, a district court should not address the motion on its merits, but should dismiss it on jurisdictional grounds or refer it to this court for authorization to proceed. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008).[3]

---

[2] The Supreme Court's caution in *Castro v. United States*, 540 U.S. 375, 383 (2003), against recharacterizing a pro se litigant's motion as a first motion under 28 U.S.C. § 2255 is not implicated by this conversion because Mr. Carpenter had already filed his first § 2255 motion.

[3] Mr. Carpenter's argument that AEDPA's statute of limitations is an unconstitutional suspension of the writ of habeas corpus is without arguable merit. This court has held that AEDPA's statute of limitations may generally be applied, absent grounds for equitable tolling or a claim of actual innocence. *See Miller v.*

(continued)

- 9 -

Mr. Carpenter's motion for coram nobis also could not appropriately be recharacterized as a motion under 28 U.S.C. § 2241. Although § 2241 allows a defendant to challenge the execution of his federal sentence, that statute, like § 2255, requires that the defendant be in federal custody. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). And in any event, as a former *federal* prisoner, Mr. Carpenter would not need a COA to appeal the denial of a motion under § 2241. *See Hunnicutt v. Hawk*, 229 F.3d 997, 998 (10th Cir. 2000) (per curiam).

Thus, without necessity of a COA, we conclude that we have jurisdiction over Mr. Carpenter's appeal from the district court's denial of his petition for coram nobis. Despite the district court's error, we affirm its ultimate disposition of his motion on the alternate ground that he cannot meet the high standard for an extraordinary writ. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) (holding that "we may affirm on any basis supported by the record").

A federal court may entertain an application for coram nobis when a federal convict "is no longer in federal custody," but "[c]oram nobis . . . addresses defects that existed before the judgment." *Rawlins*, 714 F.3d at 1196. Even if Mr. Carpenter's challenge to the enactment of 18 U.S.C. § 3231 falls under coram nobis, he does not even arguably carry his burden to show "a complete miscarriage of justice." *See id.* The writ of audita querela was once available to challenge

---

*Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998). But Mr. Carpenter admits that he defrauded the IRS, *see* Aplt. Opening Br. at 14, and his argument that the IRS is not a federal agency is specious.

"unanticipated situations that arise after judgment," *Rawlins*, 714 F.3d at 1196, which arguably could include Mr. Carpenter's challenge to the continuation of his restitution obligation due to the passage of time and his poverty. We have previously noted, however, that the writ of audita querela was abolished in civil actions many years ago and has since then been used by other circuits only in limited contexts. *See id.* at 1193; *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002). But even if audita querela were available and were the appropriate vehicle for Mr. Carpenter's challenge to his restitution obligation, he would not even arguably satisfy its high, "contrary to justice" standard. *See Rawlins*, 714 F.3d at 1193.

The appeal is dismissed as frivolous. Mr. Carpenter's motion for IFP is denied, and he is directed to pay the entire $505.00 filing fee.

Entered for the Court


Jerome A. Holmes
Circuit Judge