FILED
United States Court of Appeals
Tenth Circuit

September 19, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALEXANDER CHRISTIAN MILES,
M.D.,

    Defendant - Appellant.

No. 17-6037
(D.C. No. 5:06-CR-00096-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HOLMES**, Circuit Judges.
_____

Defendant Alexander Christian Miles appeals the district court's dismissal of his petition for writ of error coram nobis for lack of jurisdiction. The district court based its decision on its recharacterization of Mr. Miles' petition as a second and successive § 2255 petition that, pursuant to 28 U.S.C. § 2244(b)(3)(A), required prior authorization from this court in order to proceed.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

To appeal an order dismissing a second or successive § 2255 petition, the appellant must obtain a Certificate of Appealability ("COA") from this court. *See* 28 U.S.C. § 2253(c); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). A § 2255 petition, however, can only be filed by a federal "prisoner in custody." 28 U.S.C. § 2255(a); *see Rawlins v. Kansas*, 714 F.3d 1189, 1195 (10th Cir. 2013). In both his opening brief and a subsequently filed Notice to the Court Regarding Petitioner's Custody Status, Mr. Miles asserts that he was released from federal custody in February 2013 and that the district court therefore erred in recharacterizing his petition for writ of error coram nobis as a second and successive § 2255 petition. He further argues that a COA is not required to appeal the dismissal of a petition for writ of error coram nobis.

On August 14, 2017, we ordered the United States to file a memorandum brief addressing whether the district court erred in recharacterizing Mr. Miles' petition as a second or successive § 2255 petition and whether a COA was required for this appeal to proceed. In the brief filed in response to this order, the United States confirmed that Mr. Miles was released from federal custody in February 2013 with no further term of supervised release. United States' Mem. Br. at 5. The United States further conceded that the district court erroneously characterized Mr. Miles' pleading as a second or successive § 2255 motion and that a COA was not required for the court to consider his appeal. *Id.* The United States' concessions are in accord with our decision in *United States v. Carpenter*, 598 F. App'x 576, 580-81 (10th Cir. 2015) (unpublished) (holding district court's recharacterization of motion for coram nobis

2

to a § 2255 motion was improper when the plaintiff was no longer in federal custody and that a COA was not necessary to appeal as a result).[1]

Accordingly, we conclude that we have jurisdiction over Mr. Miles' appeal from the district court's dismissal of his petition for writ of error coram nobis, without the necessity of a COA. Further, we reverse the district court's dismissal of Mr. Miles' petition, because the dismissal was grounded in the court's erroneous recharacterization of the petition, and remand this matter to allow the district court to rule on Mr. Miles' petition under the proper standards. In so ruling, we express no opinion on the merits of Mr. Miles' petition or the merit arguments Mr. Miles asserted in his opening brief and the United States advanced in its memorandum brief.

For the foregoing reasons, the judgment of the district court is reversed and this matter is remanded for further proceedings consistent with this order.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[1] This unpublished decision is not binding precedent in this case, but we find it has persuasive value with respect to the issues before us. *See* 10th Cir. R. 32.1(A).