The petition for rehearing en banc is denied. The petition for rehearing by the panel is also denied. Judge Kelly, Judge Erickson, Judge Grasz, and Judge Stras would grant the petition for rehearing en banc.
STRAS, Circuit Judge, dissenting from the denial of the petition for rehearing en banc.
I would grant en banc rehearing to correct the panel opinion's conclusion that coram nobis petitions filed by individuals who are no longer in custody are "subject to the restrictions on second or successive § 2255 motions set forth in § 2255(h)(1)
*460 and (2)."[1] Baranski v. United States , 880 F.3d 951, 956 (8th Cir. 2018).
My disagreement with the panel opinion boils down to three words: "prisoner in custody." These words, from the first sentence of 28 U.S.C. § 2255, explain who falls under the statute. They make clear that only a "prisoner in custody" is subject to § 2255. The statute then uses the word "prisoner" five additional times, each time referring back to the "prisoner in custody" mentioned in the first sentence. Baranski, however, is no longer in custody, having completed his supervised-release term two years before filing his coram nobis petition, so applying any portion of the statute-whether substantive or procedural-to his petition is directly contrary to the statute's text.
I do not stand alone in my skepticism. The Sixth Circuit, for example, has concluded that a coram nobis petition filed by an individual who is "no longer in custody" is "not in substance a motion under § 2255" and "therefore not a second or successive motion" for § 2255 relief. Pilla v. United States , 668 F.3d 368, 372 (6th Cir. 2012). The Ninth Circuit has similarly concluded that AEDPA's certificate-of-appealability requirement does not apply to coram nobis petitions filed by those who are no longer in custody, explaining that once an individual is no longer in custody, "he is no longer eligible for any form of relief governed by AEDPA." United States v. Kwan , 407 F.3d 1005, 1011 (9th Cir. 2005) (emphasis added), abrogated on other grounds by Padilla v. Kentucky , 559 U.S. 356, 370, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Even the United States recently conceded that it is erroneous to characterize a coram nobis petition "as a second or successive § 2255 motion." Memorandum Brief of United States at 5, United States v. Miles , 697 F.App'x 601 (10th Cir. 2017) (No. 17-6037).
The United States attempts to distinguish these cases through some exquisite statutory dissection. The first cut carves out the so-called procedural requirement, which bars "second or successive [ § 2255 ] motion[s]" unless they are "certified" by a court of appeals panel. 28 U.S.C. § 2255(h). The second cut slices off the so-called substantive requirement, which calls for "second or successive motion[s]" to "contain" either "newly discovered evidence" or "a new rule of constitutional law." Id. The government maintains that the cases have addressed only the first cut, leaving the applicability of the substantive requirement to coram nobis petitions wide open. The panel, though failing to discuss the relevant precedent, apparently endorses this distinction.[2] See 880 F.3d at 955-56.
The statute cannot be sliced so finely. It is instead one integrated whole: the substantive standard governs the court of appeals'
*461 consideration of a second or successive § 2255 motion and would not exist in the absence of the procedural requirement to first obtain authorization for the motion. The panel opinion was no doubt correct when it stated that "we may not read ... into the statutes" a requirement that coram nobis petitions filed by out-of-custody individuals must comply with § 2255(h) 's procedural demands. Id. at 955. But this line of analysis applies equally to § 2255(h) 's so-called substantive requirement. After all, the same statutory provision contains both-indeed, within just a single sentence.
The panel opinion therefore both rewrites § 2255 and alters the standard for coram nobis petitions. It rewrites § 2255 by excising the words "prisoner in custody" from the first sentence. And it alters the standard for coram nobis petitions by applying § 2255(h) 's restrictions, rather than Supreme Court precedent. The Supreme Court has instructed us that the writ of coram nobis is an "extraordinary remedy" for correcting errors of "the most fundamental character" when the "circumstances compel[ ] such action to achieve justice." United States v. Morgan , 346 U.S. 502, 511-12, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (internal quotation marks and citation omitted); see also id. at 511, 74 S.Ct. 247 (concluding that a previous version of § 2255 was no "bar" to the filing of a coram nobis petition). As the panel opinion demonstrates, incorporation of the § 2255(h) standard means either that we never get to the Morgan standard or that, once a petition clears the § 2255(h) hurdle, satisfying Morgan may well be a foregone conclusion. Either way, the standard that we are actually bound to apply does little work under the panel's approach.
For these reasons, I respectfully dissent from the denial of the petition for rehearing en banc. Only Congress can rewrite § 2255, only the Supreme Court can overrule Morgan , and neither has done so.

As the panel noted, this issue was "not addressed by the district court." Baranski v. United States , 880 F.3d 951, 955 (8th Cir. 2018). Indeed, the parties did not even have an opportunity to address what later became the panel's central holding, except at oral argument through questioning by the court. Reconsideration en banc, accompanied by adversarial briefing on the § 2255 question, could well lead this court to a different conclusion.

To the extent the United States argues that the panel applied the limitations in § 2255(h) as an exercise of its discretion over when to grant coram nobis relief-rather than as a matter of statutory interpretation-the United States reads into the panel opinion something that is not there. The panel opinion states that § 2255(h)"limit[s] the grant of coram nobis relief" to petitioners like Baranski, "Baranski's coram nobis petition is subject to" those restrictions, and § 2255(h)(1), in particular, is "the proper standard" under which to evaluate Baranski's petition. 880 F.3d at 956-58 (emphasis added).