CHIEF Justice Roberts
delivered the opinion of the Court.
The State of Louisiana charged petitioner Juan Smith with killing five people during an armed robbery. At Smith’s trial a single witness, Larry Boatner, linked Smith to the crime. Boatner testified that he was socializing at a friend’s house when Smith and two other gunmen entered the home, demanded money and drugs, and shortly thereafter began shooting, resulting in the death of five of Boatner’s friends. In court Boatner identified Smith as the first gunman to come through the door. He claimed that he had been face to face with Smith during the initial moments of the robbery. No other witnesses and no physical evidence implicated Smith in the crime.
The jury convicted Smith of five counts of first-degree murder. The Louisiana Court of Appeal affirmed Smith’s conviction. State v. Smith, 797 So. 2d 193 (2001). The Lou­isiana Supreme Court denied review, as did this Court. 2001-2416 (La. 9/13/02), 824 So. 2d 1189; 537 U. S. 1201 (2003).
Smith then sought postconviction relief in the state courts. As part of his effort, Smith obtained files from the police investigation of his case, including those of the lead investi­gator, Detective John Ronquillo. Ronquillo’s notes contain *75 statements by Boatner that conflict with his testimony iden­tifying Smith as a perpetrator. The notes from the night of the murder state that Boatner “could not . . . supply a de­scription of the perpetrators other then [sic] they were black males.” App. 252-253. Ronquillo also made a handwritten account of a conversation he had with Boatner five days after the crime, in which Boatner said he “could not ID anyone because [he] couldn’t see faces” and “would not know them if [he] saw them.” Id., at 308. And Ronquillo’s typewritten report of that conversation states that Boatner told Ron-­quillo he “could not identify any of the perpetrators of the murder.” Id., at 259-260.
Smith requested that his conviction be vacated, arguing, inter alia, that the prosecution’s failure to disclose Ronquil-­lo’s notes violated this Court’s decision in Brady v. Mary­land, 373 U. S. 83 (1963). The state trial court rejected Smith’s Brady claim, and the Louisiana Court of Appeal and Louisiana Supreme Court denied review. We granted cer-­tiorari, 564 U. S. 1004 (2011), and now reverse.
Under Brady, the State violates a defendant’s right to due process if it withholds evidence that is favorable to the de­fense and material to the defendant’s guilt or punishment. See 373 U. S., at 87. The State does not dispute that Boat-­ner’s statements in Ronquillo’s notes were favorable to Smith and that those statements were not disclosed to him. The sole question before us is thus whether Boatner’s state­ments were material to the determination of Smith’s guilt. We have explained that “evidence is ‘material’ within the meaning of Brady when there is a reasonable probability that, had the evidence been disclosed, the result of the pro­ceeding would have been different.” Cone v. Bell, 556 U. S. 449, 469-470 (2009). A reasonable probability does not mean that the defendant “would more likely than not have received a different verdict with the evidence,” only that the likelihood of a different result is great enough to “under­mine[] confidence in the outcome of the trial.” Kyles v. *76 Whitley, 514 U. S. 419, 434 (1995) (internal quotation marks omitted).
We have observed that evidence impeaching an eyewitness may not be material if the State’s other evidence is strong enough to sustain confidence in the verdict. See United States v. Agurs, 427 U. S. 97,112-113, and n. 21 (1976). That is not the case here. Boatner’s testimony was the only evidence linking Smith to the crime. And Boatner’s un­disclosed statements directly contradict his testimony: Boatner told the jury that he had “[n]o doubt” that Smith was the gunman he stood “face to face” with on the night of the crime, but Ronquillo’s notes show Boatner saying that he “could not ID anyone because [he] couldn’t see faces” and “would not know them if [he] saw them.” App. 196,200, 308. Boatner’s undisclosed statements were plainly material.
The State and the dissent advance various reasons why the jury might have discounted Boatner’s undisclosed state­ments. They stress, for example, that Boatner made other remarks on the night of the murder indicating that he could identify the first gunman to enter the house, but not the others. That merely leaves us to speculate about which of Boatner’s contradictory declarations the jury would have believed. The State also contends that Boatner’s state­ments made five days after the crime can be explained by fear of retaliation. Smith responds that the record contains no evidence of any such fear. Again, the State’s argument offers a reason that the jury could have disbelieved Boat-­ner’s undisclosed statements, but gives us no confidence that it would have done so.
The police files that Smith obtained in state postconviction proceedings contain other evidence that Smith contends is both favorable to him and material to the verdict. Because we hold that Boatner’s undisclosed statements alone suffice to undermine confidence in Smith’s conviction, we have no need to consider his arguments that the other undisclosed evidence also requires reversal under Brady.
*77 The judgment of the Orleans Parish Criminal District Court of Louisiana is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

It is so ordered.