IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-52,123-03







EX PARTE TELISA DEANN BLACKMAN, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. W97-50638-U(C) IN THE 291ST DISTRICT COURT 

FROM DALLAS COUNTY



 


 Per curiam. Meyers, Womack, and Johnson, JJ., would grant relief.


O R D E R 


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. (1) 
Telisa Blackman was convicted of murder and sentenced to life imprisonment. The Fifth
Court of Appeals affirmed her conviction. (2) 

 In her application, Blackman contends, among other things, that the State failed to
disclose exculpatory evidence in violation of Brady v. Maryland, (3) namely, a 911 call in
which State's witness Cherissa Adams described the person later identified as Blackman (a
female) as a man and evidence of Adams's equivocation in identifying Blackman from a
photographic lineup. 

 The trial judge found that the 911 recording and Cherissa Adams's uncertainty in
selecting Blackman from the photo line-up were favorable to Blackman, but were not
disclosed. In recommending that we grant relief on her two Brady claims, the trial judge
concluded that both "[are] material, such that there is a reasonable probability that had the
evidence been disclosed to the defense, the outcome of the trial would have been different." 
We will defer to a trial judge's findings of fact and conclusions of law when they are
supported by the record. (4) But "[w]hen our independent review of the record reveals that a
trial judge's findings and conclusions are not supported by the record, [this Court] may
exercise [its] authority to make contrary or alternative findings and conclusions." (5) The trial
judge's conclusion that the withheld evidence is material is not supported by the record. 
Further, our independent review of the record reveals that Blackman fails to demonstrate the
withheld evidence's materiality.

 To prevail on a Brady claim, an applicant must show that: (1) the prosecution withheld
evidence from the defense; (2) the evidence withheld is favorable to the defense; and (3) the
evidence is material such that there exists a reasonable probability that, had the evidence
been disclosed, the outcome at trial would have been different. (6) As the trial judge correctly
identified, the materiality requirement applicable to Blackman's claims is satisfied only if
"there is a reasonable probability that, had the evidence been disclosed to the defense, the
result of the proceeding would have been different." (7) A reasonable probability means that
the likelihood of a different result is great enough to undermine confidence in the trial's
outcome. (8) "The mere possibility that an item of undisclosed information might have helped
the defense, or might have affected the outcome of the trial, does not establish 'materiality'
in the constitutional sense." (9) To determine whether the materiality standard is met, a court
must balance the exculpatory evidence against the evidence supporting conviction. (10) 

 Blackman first complains that the State withheld the recording of Adams's 911 call
the night of the murder, during which she reported seeing a black man move a lifeless body. 
Blackman is female. Blackman's second claim regarding Adams's identification of
Blackman from the photographic lineup on the night of the murder stems from a note in the
prosecution's case file relating to a conversation with Adams about the identification. The
note reads, in part, "[p]icked out someone else first, then changed mind [and] selected
[Blackman] (Bust photo)." Blackman contends, and trial counsel confirmed at the writ
hearing, that if the prosecution had disclosed this evidence, the defense could have used it
to impeach Adams's testimony at trial that she saw Blackman drag a body into her apartment
and might have followed a different investigative trail. Counsel also stated that, had he
known this information, he would not have called Blackman as a witness and the jury would
not have heard her testify about dragging the victim into her apartment. 

 With regard to the investigative value of this withheld evidence, Blackman fails to
identify what, if anything, this might have unearthed that would have sufficiently undermined
confidence in the outcome at trial. Similarly, she fails to show how impeaching Adams
would probably have affected the results of the proceedings, particularly given the fact
that--as Blackman concedes in her memorandum in support of her application--at least one
officer testified at trial that Blackman admitted to dragging the victim into her apartment. 
Finally, Blackman makes no showing that the outcome would probably have been different
had she chosen not to testify. Relief is denied.


FILED: October 10, 2012


DO NOT PUBLISH
1. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967)
2. Blackman v. State, No. 05-98-01750-CR, 2000 WL 567985 (Tex. App.--Dallas
May 8, 2000) (not designated for publication). 
3. 373 U.S. 83 (1963).
4. Ex parte Reed, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008). 
5. Id. 
6. Ex parte Miles, 359 S.W.3d 647, 665 (Tex. Crim. App. 2012); Hampton v. State,
86 S.W.3d 603, 612 (Tex. Crim. App. 2002).
7. United States v. Bagley, 473 U.S. 667, 682 (1985).
8. Smith v. Cain, 132 S. Ct. 627, 630 (2012).
9. United States v. Agurs, 427 U.S. 97, 109-10 (1976); Ex parte Miles, 359 S.W.3d
at 666.
10. Ex parte Miles, 359 S.W.3d at 666.