BARKETT, Circuit Judge,
concurring in the result only:
I concur in Judge Wilson’s opinion with the exception of its discussion of Mr. Waldrip’s Brady claim, which misapprehends the law of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and fails to acknowledge that a state court cannot use its evidentiary rules to deny a defendant’s constitutional rights.
Initially, I do not agree with the majority’s statement that: “[t]he Georgia Supreme Court implicitly ruled that the Summary Report was suppressed Brady material, which is why that Court then turned to an examination of whether Waldrip was prejudiced by the suppression of the Summary Report.” Op. at 882. The question of whether suppressed evidence prejudiced a defendant is not segregable from the question of whether it constitutes Brady material in the first instance. As the Supreme Court has explained, there are three “essential components of a Bra *890 dy violation”: 1) “[t]he evidence at issue must be favorable to the accused ... 2) “that evidence must have been suppressed by the State, either willfully or inadvertently”; 3) “and prejudice must have ensued.” Strickler v. Greene, 527 U.S. 263, 280-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)(emphasis added). As each of these components is “essential,” evidence does not become subject to the Brady due process protections unless all three components are present. In other words, each component is a necessary condition for a court to find that a particular piece of evidence constituted Brady evidence. As Justice Stevens wrote for the Court, “strictly speaking, there is never a real ‘Brady violation’ unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.” Id. at 281, 119 S.Ct. 1936 The Georgia Supreme Court recognized that two of the three necessary conditions of a Brady violation were present in this case, namely that the Summary Report was favorable to Mr. Waldrip and that it was suppressed by the government. But by holding that Mr. Waldrip was not prejudiced by the suppression of the Summary Report, the Georgia Supreme court necessarily held that the suppression of the Summary Report did not constitute Brady material. Thus, I think it is inaccurate to say the Georgia Supreme Court implicitly found that the Summary Report was Brady material.
That point aside, I think the reasoning by which the Georgia Supreme Court reached its conclusion that Mr. Waldrip was not prejudiced by the nondisclosure of the Summary Report constituted an unreasonable application of federal law. While we do not sit in appellate review of a state court applying state evidentiary law, we have a duty to ensure that the application of state law does not serve to deny a habeas petitioner’s federal constitutional rights. See Breedlove v. Moore, 279 F.3d 952, 963 (11th Cir.2002); see also Jones v. Cain, 600 F.3d 527, 536 (5th Cir.2010) (“Regardless of how a state court applies state evidence rules, a federal habeas court has an independent duty to determine whether that application violates the Constitution.”). By applying Georgia evidentiary law to find that the failure to disclose the Summary Report was not prejudicial, the Georgia Supreme Court impermissibly narrowed the scope of what can constitute Brady evidence. Brady evidence often comes in the form of written out of court statements that appear to be hearsay evidence on their face.[1] To hold that material of this kind is exempt from Brady disclosure requirements because it is hearsay evidence narrows the scope of Brady in violation of Supreme Court precedent and would impermissibly exclude a wide swath of exculpatory and probative evidence. Indeed, the Supreme Court has routinely found material such as notes in a police investigation file similar to the Summary Report to be subject to Brady, its appar *891 ent hearsay qualities notwithstanding. See, e.g., Smith v. Cain, — U.S. —, 182 S.Ct. 627, 181 L.Ed.2d 571 (2012) (investigating detective’s notes containing witness statements); Strickler, 527 U.S. at 278-75, 119 S.Ct. 1936 (1999) (materials in police files including notes by a detective and letters from a witness); Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (witness and informant statements to the police, written and oral); cf. Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972) (out-of-court witness statements, picture of alleged suspect, extrajudicial statement of prosecutor, and out of court written statements and drawing by witness); Brady, 373 U.S. at 83, 83 S.Ct. 1194 (witness’s out-of-court statements). A state court cannot use its evidentiary rules to deny an individual access to a fundamental constitutional right, especially one that the Supreme Court has so consistently held to apply in factually similar situations. Therefore, the Georgia Supreme Court’s holding that the Summary Report was not Brady evidence because it was hearsay is an unreasonable application of federal law and we must therefore review his Brady claim de novo. McGahee v. Ala. Dep’t of Corr., 560 F.3d 1252, 1266 (11th Cir.2009).
Nonetheless, I agree that under de novo review, Mr. Waldrip cannot establish that he was prejudiced by the nondisclosure of the Summary Report and his Brady claim fails as a result.

. Note that while the Summary Report is hearsay on its face, it qualifies under Georgia law as an exception to the hearsay rule as a party-opponent admission. O.C.G.A. § 24-3-31 (2012) (repealed January 1, 2013) ("The admission by a party to the record shall be admissible in evidence when offered by the other side[.]”); O.C.G.A. § 24-3-33 (2012) (repealed January 1, 2013)("Admissions by an agent or attorney in fact, during the existence and in pursuance of his agency, shall be admissible against the principal.”). Whether Mr. George had personal knowledge of Mr. Waldrip’s request is irrelevant as party-opponent admissions are admissible not because "the party making them[] is speaking from his personal knowledge, but upon the ground that a party will not make admissions against himself unless they are true." Mayo v. Owen, 208 Ga. 483, 486, 67 S.E.2d 709 (1951) (internal quotation omitted).