## CIRCUIT COURT OF THE CITY OF NORFOLK

Syron Devon Rogers

v.

Commonwealth of Virginia

October 21, 2013

Case No. CL13-3333

BY JUDGE EVERETT A. MARTIN, JR.

I have reviewed the petition for a writ of habeas corpus, the respondent's motion to dismiss, the petitioner's reply, and the respondent's subsequent rejoinder. The petitioner seeks to vacate his convictions for second degree murder and use of a firearm and the subsequent revocation of his probation based on a recently discovered alleged *Brady* violation. He alleges the Commonwealth had a duty to disclose a material and exculpatory statement made to an agent of the federal DEA. I disagree, and for the reasons set forth below, I grant the respondent's motion to dismiss.

An "individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *Kasi v. Angelone*, 300 F.3d 487, 505 (4th Cir. 2002) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)). There is a limit, however, to the knowledge that can be imputed to a prosecutor under *Brady*. Here, the petitioner seeks to impute to Ms. Bruns knowledge of a statement Terrence Brown, one of her witnesses, made to a Dennis Williams who, in turn, related it to a DEA agent. State prosecutors, however, have no authority over federal law enforcement agencies, their investigators, or their files. *Kasi*, 300 F.3d at 506. I will not impute the knowledge of the DEA agent to Ms. Bruns.

The petitioner's assertion "on information and belief" that there was "likely" a Norfolk police officer involved in Brown's federal prosecution and that "intricacies" of the federal case against Brown were given to Mr. Carrow does not suffice. The petitioner does not even allege his counsel has asked Mr. Carrow, a most accommodating fellow, if he knew of Williams's statement.

Furthermore, the alleged statement is not material. Exculpatory evidence is material if there is a reasonable probability that the outcome of a proceeding would have been different had the evidence been disclosed. *Smith v. Cain*, 132 S. Ct. 627, 630 (2012) (quoting *Cone v. Bell*, 556 U.S. 449, 469-70 (2009)). "A reasonable probability does not mean that the defendant would more likely than not have received a different verdict with the evidence, only that the likelihood of a different result is great enough to 'undermine confidence in the outcome of the trial'." *Id.* (quoting *Kyles*, 514 U.S. at 434).

On or about September 30, 2010, Williams told a DEA agent that Brown told him that (i) petitioner owed Brown money for crack cocaine, (ii) the victim was Brown's enforcer, (iii) Brown handed the victim a gun, and (iv) petitioner rushed the victim, wrestled away the gun, and then shot and killed the victim.

At trial, Brown testified that he heard the gunshot, but he did not see either the petitioner or the victim with a gun, and he was unsure who fired the shot. (Transcript, May 17, 2011, pp. 161-67, 175-76.) Brown's alleged statement to Williams puts a gun in petitioner's hand and has him pulling the trigger. His trial testimony did not do this. The statement also implicates petitioner in narcotics trafficking. This was hardly likely to endear him to the jury.

A second eyewitness, Cora Allen, identified petitioner as the shooter, and she was able to describe the shooting in detail. (Transcript, May 17, 2011, pp. 80-83, 120-25.) Ms. Allen had no relation to petitioner or Brown, and she was not involved in their drug dispute. Her testimony alone was sufficient to support a conviction of second degree murder. Nothing in Brown's alleged statement to Williams, which is more incriminating than his testimony at petitioner's trial, undermines my confidence in the verdict. Therefore, the statement is immaterial.

The Commonwealth's motion to dismiss is granted for the reasons stated herein but denied on the grounds stated in paragraphs 11-14 thereof.