NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-50096 |
| | ) | |
| Plaintiff - Appellee, | ) | D.C. No. 2:11-cr-00140-SVW-2 |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| EVANS ONIHA, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 7, 2014[**]
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Evans Oniha appeals his conviction and sentence for health care fraud,

conspiracy to commit health care fraud, and making a false statement to

government agents investigating the fraud. See 18 U.S.C. §§ 1347, 1349,

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1035(a)(2).  We affirm.

(1)    Oniha first claims that there was plain error[1] because the government knowingly used false testimony in obtaining his conviction.[2]  We disagree.  The mere fact that six weeks after the trial a co-schemer in the fraud filed a document containing statements that partially conflicted with the testimony of a co-conspirator at the trial does not demonstrate that the trial testimony was false.  See United States v. Croft, 124 F.3d 1109, 1119 (9th Cir. 1997).  Moreover, even if the testimony turned out to be inaccurate or false, that does not show that the prosecutor knew or should have known of the inaccuracy or falsity.  See United States v. Zuno-Arce, 44 F.3d 1420, 1423 (9th Cir. 1995); cf. N. Mariana Islands v. Bowie, 243 F.3d 1109, 1117 (9th Cir. 2001) (information known to the prosecutor should have alerted the prosecutor to possible falsity).  Finally, in light of the great amount of evidence against Oniha, the quite minor nature of the discrepancy, and the vigorous cross-examination and impeachment of the witness, "there is [no] reasonable likelihood that the [allegedly] false testimony could have affected the

---

[1]United States v. Houston, 648 F.3d 806, 813 (9th Cir. 2011).

[2]See Napue v. Illinois, 360 U.S. 264, 269, 79 S. Ct. 1173, 1177, 3 L. Ed. 2d 1217 (1959); Gentry v. Sinclair, 705 F.3d 884, 903 (9th Cir.) (setting forth elements supporting Napue claim), cert. denied, __ U.S. __, 134 S. Ct. 102, 187 L. Ed. 2d 75 (2013); Jones v. Ryan, 691 F.3d 1093, 1102, 1104 (9th Cir. 2012), cert. denied, __ U.S. __, 133 S. Ct. 2831, 186 L. Ed. 2d 890 (2013) (same).

2

judgment of the jury." Houston, 648 F.3d at 814 (internal quotation marks omitted); see also Gentry, 705 F.3d at 903–04. There was no error, much less plain error.

(2) Oniha next claims that there was plain error[3] because the government failed to disclose evidence favorable to him.[4] In attacking his conviction and sentence, Oniha again relies upon the same later statement by the co-schemer, and we again disagree. We will assume that the statement was favorable to Oniha because it had some impeachment value. See United States v. Olsen, 704 F.3d 1172, 1181 (9th Cir. 2013). The government has not contended otherwise. However, there is not a scintilla of evidence that the government or any relevant government agent was, or should have been, aware of the statement's content before or during the trial. See United States v. Price, 566 F.3d 900, 910 n.11 (9th Cir. 2009). By the time of his sentencing, Oniha was well aware of the statement in question. Indeed, he changed his own prior position from one that effectively agreed with the co-conspirator's statement at trial to one in which he agreed with

---

[3]See Houston, 648 F.3d at 813.

[4]See Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97, 10 L. Ed. 2d 215 (1963); see also United States v. Bagley, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380, 87 L. Ed. 2d 481 (1985); United States v. Sedaghaty, 728 F.3d 885, 899 (9th Cir. 2013) (setting forth the elements supporting Brady claim).

the co-schemer's later statements.  See Cunningham v. Wong, 704 F.3d 1143, 1154 (9th Cir.), cert. denied, __ U.S. __, 134 S. Ct. 169, 187 L. Ed. 2d 116 (2013). Finally, in light of the great amount of evidence against Oniha, the minor nature of the discrepancy and the vigorous cross-examination and impeachment of the witness, "there is [no] reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different."  Smith v. Cain, __ U.S. __, __, 132 S. Ct. 627, 630, 181 L. Ed. 2d 571 (2012) (internal quotation marks omitted).  There was no error, much less plain error.

(3)    Oniha finally asserts that his sentence was substantively unreasonable[5] because it was longer than the sentence of his co-conspirator and that of the co-schemer.  However, the district court was not required to impose the same sentence on all of the participants in the crimes,[6] and it had good and sufficient reasons to treat Oniha differently from the others.[7]  They cooperated with the government — one acted as an informant while the conspiracy was still in progress,[8] and the other one pled guilty and testified at trial — whereas Oniha, despite the overwhelming

---

[5]See United States v. Laurienti, 731 F.3d 967, 976 (9th Cir. 2013).

[6]See United States v. Carter, 560 F.3d 1107, 1121 (9th Cir. 2009); see also United States v. Monroe, 943 F.2d 1007, 1017 (9th Cir. 1991).

[7]See Carter, 560 F.3d at 1121.

[8]She, by the way, was found guilty of fewer crimes than was Oniha.  See United States v. Changa, 901 F.2d 741, 743–44 (9th Cir. 1990) (per curiam).

4

evidence against him, never showed the slightest remorse for his actions.[9] The

district court carefully listened to the evidence and the presentations of the parties

and considered the sentencing standards[10] of which disparity is but one.[11] The

sentence was substantively reasonable;[12] the district court did not err.

AFFIRMED.

---

[9]See Laurienti, 731 F.3d at 976; Carter, 560 F.3d at 1121; United States v. Marcial-Santiago, 447 F.3d 715, 718–19 (9th Cir. 2006).

[10]See 18 U.S.C. § 3553(a).

[11]See id.; Marcial-Santiago, 447 F.3d at 719; see also United States v. Gutierrez-Sanchez, 587 F.3d 904, 908 (9th Cir. 2009).

[12]See Gutierrez-Sanchez, 587 F.3d at 908–09; Marcial-Santiago, 447 F.3d at 719.