CONCURRENCE
ALICE M. BATCHELDER, Circuit Judge,
concurring.
I join all but § III.D of the lead opinion. Considering the totality of the evidence, I believe the withheld police report satisfies the standard for materiality of impeachment evidence under Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). See Smith v. Cain, 565 U.S. 73, 132 S.Ct. 627, 630, 181 L.Ed.2d 571 (2012); Kyles v. Whitley, 514 U.S. 419, 450, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). But it is clear that the claim is time barred.
In the lead opinion, Judge McKeague aptly explains . that Hill discovered the withheld police report in December 2007, but did not assert this report as an amended Brady claim until March 2011, over three years later. Although this assertion was beyond AEDPA’s one-year limitation period, the district court held that the new claim related back to Claim 4(c) of Hill’s original, timely filed petition. In that petition, Hill had raised a three-part Brady claim: , ...
Fourth Ground for Relief. Prosecutors’ failure to provide exculpatory evidence during pretrial discovery denied Genesis Hill a fair trial.
*949 a. Withholding Linda Phillips’s exculpatory evidence violated Mr. Hill’s due process rights.
b. The State withheld mitigating polygraph evidence.
c. The files of the prosecutor and investigating officer contain Brady material.
Hill v. Mitchell, 2006. WL 2807017, *40 (S.D. Ohio, Sept. 27, 2006) (record citation omitted).
Originally, the district court had dismissed Claim 4(c):
Regarding [HillJ’s blanket assertion in sub-part (c) that there must be more Brady- information in the files of the prosecution and the investigating officer, given the history of the Hamilton County Prosecutor’s Office of committing Brady violations, the [district] [c]ourt is not persuaded that there was sufficient evidence on the trial record from which [Hill] could have raised that argument on direct appeal. But the utter lack of substance to the claim makes any procedural default analysis not only impossible, but also unnecessary.
Id. at *68; see Lead Op. § III.A. But the district court treated Hill’s subsequent assertion that the withheld police report violated Brady as a motion to amend his original Claim 4(c), resurrected that claim, and held that this specific new assertion related back to the vague original claim.
Judge McKeague analyzed and distinguished the two predominant eases, Mayle and Mandaaina, and concluded, succinctly and correctly, that Hill’s amended Brady claim cannot be deemed to share a “common core of operative facts” with his original Claim 4(c), as required for relation back, because his original Claim 4(c) alleged no operative facts out of which the amended claim could be deemed to have arisen. Moreover, it is the very fact—that Hill could not have included in his original habeas petition a Brady claim based on the undiscovered police report—that entitled him, under AEDPA or Rule 60(b), to one year from the discovery of that newly discovered evidence to bring it to the district court’s attention. See Lead Op. ■ § III.C.
That is the key to this: relation back is unnecessary and inapplicable in the context of newly discovered evidence, for which the statute of Imitations does not begin to run until the evidence is discovered. If a petitioner suspects a Brady violation but has no hard evidence to support that suspicion (or even begin to identify exactly what it might be), the proper approach is not to include a specious, all-encompassing Brady-based accusation in the original petition and then attempt to amend that petition in the event of some later discovery of evidence, The proper approach is to continue to demand discovery from the State and pursue it through other avenues (exactly as Hill’s habeas counsel did here, in fact); then, upon finding such evidence, file the specific Brady claim within one year of obtaining it. AED-PA ánticipated this: “The limitation period shall run from ... the date on which the factual predicate of the claim ... Could have been discovered through the exercise of . ■ due diligence.” ' 28 U.S.C. § 2244(d)(1)(D). ■
Under Hill’s limitless catch-all Claim 4(c), any and all withheld evidence would relate back. This approach not only circumvents the AEDPA statute of limitations, it does so by unacceptably circumventing the fundamental. theory of the relation-back rule.
[T]he relation back rule ‘is intimately connected with the policy of the statute of limitations.’ See Advisory Committee Notes to Fed. R. Civ. P. 15(c). It is designed to operate equably with that statute, to accommodate the statute of *950 limitations policies that prevent stale claims from being litigated, and permit their repose. Clearly the relation back rule was not designed to provide a means either to circumvent or to expand the limitations period.
In re Allbrand Appliance & Television Co., 875 F.2d 1021, 1025 (2d Cir. 1989).
Elsewhere, courts considering this in the ineffective-assistance-of-counsel context have held that a petitioner does not satisfy the Rule 15 relation-back standard by raising a catch-all accusation of ineffective assistance in the original petition and then amending the petition later to assert a particular claim of attorney deficiency. See United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005); Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999). This reasoning applies equally to Brady claims.
Finally, in a False Claims Act case, the D.C. Circuit offered this rather insightful and different analysis, emphasizing the plaintiffs failure to plead sufficiently at the outset.
[The plaintifffs allegations ... were nothing more than ‘naked assertions’ devoid of ‘further factual enhancement,’ the existence of a price-fixing ‘club,’ and that discovery would reveal other rigged contracts. Allowing such broad and vague allegations to expand the range of pennissible amendments after the limitation period has run would circumvent the statutory requirement in the FCA that the amendments arise out of the conduct, transactions, or occurrences in the original complaint; it would also, we note, circumvent the recent teachings of Iqbal and Twombly by allowing amendments to relate back to allegations that were themselves nothing more than ‘naked assertions.’
U.S. ex rel. Miller v. Bill Harbert Int’l Const., Inc., 608 F.3d 871, 882 (D.C. Cir. 2010) (editorial marks, certain quotation marks, and citations omitted) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
Because Hill raised his new Brady claim well over two years too late and because there is no justification for its relation back to his original claim, it is now time barred and must be dismissed. Whether that claim might have had merit is immaterial. For these reasons, I join the lead opinion in reversing the judgment of the district court.