
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10274 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-00547-CRB-1 |
| v. | |
| SAMUEL COHEN, a.k.a. MOULI COHEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted January 10, 2017[**]
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and ERICKSON,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. R. 34(a)(2).

[***] The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

Samuel Cohen appeals from the district court's order denying his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 and the order denying his third motion to continue the evidentiary hearing to allow him further time to uncover "newly discovered" evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying Cohen's motion for a new trial, based on an allegation of newly discovered evidence. The trial court correctly identified and applied the controlling law in analyzing the questions presented. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009). There is no abuse of discretion in the district court's finding that Cohen failed to produce any admissible newly discovered evidence. *United States v. Kenny*, 645 F.2d 1323, 1343 (9th Cir. 1981).

Moreover, the newly discovered evidence upon which Cohen bases his motion consists of merely cumulative impeaching evidence that was neither sufficient to create a likelihood of a different trial outcome nor substantial enough to undermine confidence in the outcome of the original trial. *Smith v. Cain*, 132 S. Ct. 627, 630 (2012) (citing *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)); *accord United States v. Davis*, 960 F.2d 820, 826 (9th Cir. 1992) ("There was sufficient evidence to convict Davis, without Duran's testimony.").

2

Cohen also challenges the district court's denial of his third motion to continue the evidentiary hearing on the motion for a new trial. The denial was not arbitrary or unreasonable, *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985), or prejudicial. *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1139 (9th Cir. 2005). The district court correctly determined that even if Cohen were to uncover the "newly discovered" evidence he was seeking, it would still be cumulative in nature, merely impeaching, and likely inadmissible.

Cohen's two motions for leave to supplement the record on appeal are also denied. The evidence, consisting of a report by Professor Sterling Harwood, and declarations made subsequent to the district court's hearing on the motion for a new trial, is cumulative and, at best, impeaching. Cohen has not provided this court with sufficient reasons for deviating from the requirements of Federal Rule of Appellate Procedure 10(a). *See United States v. Boulware*, 558 F.3d 971, 976 (9th Cir. 2009) (recognizing that "except in extraordinary circumstances" the court "will not allow parties to supplement the record on appeal"); *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) ("Save in unusual circumstances, we consider only the district court record on appeal."). The Government's motions to strike are denied as moot.

**AFFIRMED.**