

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-81,480-02

### EX PARTE WILLIAM OWENS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10F0132-005-B IN THE 5TH DISTRICT COURT
### FROM BOWIE COUNTY

**ALCALA, J., delivered the opinion for the unanimous Court.**

**O P I N I O N**

In this subsequent application for a writ of habeas corpus[1] challenging his conviction

for aggravated sexual assault of a child, applicant William Owens asserts that the State

withheld an exculpatory police report in violation of his due process rights under *Brady v.*

*Maryland*, 373 U.S. 83, 87 (1963). Applicant contends that this newly available police report

indicates that the complainant, his daughter Julie who was four years old at the time she was

---

[1]    *See* TEX. CODE CRIM. PROC. art. 11.07, § 4.

sexually abused, had alleged that another man, Billy Speights, sexually assaulted her.[2] We deny relief because applicant has failed to show that there is a reasonable likelihood that, if the report had been available at trial, a jury would not have convicted him.

In 2011, a jury convicted applicant of aggravated sexual assault of a child, and after learning about an extraneous sexual assault of another young child, it assessed a sentence of life imprisonment along with a fine of $10,000. Applicant's conviction and sentence were affirmed on direct appeal. *Owens v. State*, 381 S.W.3d 696, 700 (Tex. App.—Texarkana 2012). In the instant subsequent habeas application, applicant presents newly available evidence, a police report concerning Julie's allegations of sexual abuse by Billy Speights. Applicant submits that in 2016, after the denial of his initial habeas application, he came into possession of this police report from the State's file on Speights.[3] Applicant asserts that the police report contains exculpatory information implicating Speights in the assault of Julie and that, had the report been made available to him at trial, there is a reasonable likelihood of a different outcome. We remanded the application to the habeas court. The habeas court made factual findings regarding applicant's *Brady* claim indicating that the State erroneously represented that the Speights file did not contain any information concerning Julie and that

---

[2]     Julie is the pseudonym used by the court of appeals. For continuity, we will continue to refer to the complainant as Julie. *See* TEX. R. APP. P. 9.10.

[3]     At the time of Julie's outcry in March 2008, Speights was being investigated for sexually assaulting Julie's brother, John. Speights was later convicted of sexually abusing John, who was approximately six years old at the time of the abuse. John is the pseudonym used in the police reports.

the report was not previously available to applicant. The habeas court, however, did not make conclusions of law.

The discovered police report from Speights's file details that after applicant's children began living with her, Nora Mitchell[4] notified the police that the children were telling her about sexual abuse, and the children were then interviewed at the Children's Advocacy Center. During those interviews, the children claimed that they had been sexually assaulted by Speights. During her CAC interview, Julie was asked if someone had ever hurt her, and she replied "Uncle Billy." When asked what her Uncle Billy did, Julie pointed to her female sexual organ and said he touched her down there with his finger. Julie told several inconsistent scenarios about how the abuse transpired. The police report states that it is unclear when and where Speights touched Julie. The investigator who drafted the instant police report based on the interviews spoke with the investigator assigned to applicant's case to discuss the allegations Julie had made against Speights. Due to the lack of clarity in Julie's description of the events, no charges were brought against Speights for his conduct with Julie.

Applicant contends that this police report constitutes *Brady* material because it could have been used to impeach trial testimony by Julie, the CAC interviewer, and Nora Mitchell. Additionally, he asserts that this report would have led to the discovery of the CAC interview with Julie in which she mentioned only Speights when she was asked if anyone had hurt her.

---

[4] Nora Mitchell took custody of both Julie and John a few months after the allegations of abuse against applicant arose.

We conclude that the police report constitutes newly discovered evidence that may be considered in applicant's subsequent habeas application, but that it is inadequate to establish a violation of his due process rights under *Brady*. Applicant has not shown the materiality of the police report and thus has failed to establish his *Brady* claim.

The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady*, 373 U.S. at 87. To establish a claim under *Brady*, an applicant must demonstrate that (1) the State failed to disclose evidence; (2) the evidence withheld is favorable to him; (3) the evidence is admissible in court; and (4) the evidence is material to guilt or punishment. *Ex parte Miles,* 359 S.W.3d 647, 665 (Tex. Crim. App. 2012). Evidence is "material" to guilt or punishment if there is a reasonable probability that, had the evidence been disclosed, the outcome of the trial would have been different. *Id*. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense. *Id*. at 666. When evaluating whether the materiality standard is satisfied, the strength of the exculpatory evidence is balanced against the evidence supporting conviction. *Id*. Thus, to establish the materiality of withheld evidence, an applicant must show that "in light of all the evidence, it is reasonably probable that the outcome of the trial would have been different had the prosecutor made a timely disclosure." *Id*. An applicant need not show that he more likely

than not would have been acquitted had the evidence been admitted. *Wearry v. Cain*, 136 S. Ct. 1002, 1006 (2016) (per curiam) (citing *Smith v. Cain*, 565 U.S. 73 (2012)). "He must show only that the new evidence is sufficient to undermine confidence in the verdict." *Id*. "If the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt." *Id*. (quoting *United States v. Agurs*, 427 U.S. 97, 113 (1976)).

The outcome of this habeas application turns on the materiality of the excluded police report. At trial, the State presented evidence of Julie's positive identification of applicant as her sexual abuser with her references to "her daddy" and "Bubba" as a person who had sexually abused her. Applicant defended himself with evidence that, at one point, Julie had recanted her allegations against him. Furthermore, applicant was permitted to impeach Julie's identification with her claim that her abuser had white hair and that applicant did not have that hair color. However, applicant's counsel argued to the trial court that he wanted to present his theory that Speights, who had blonde hair, was the abuser rather than applicant. The court declined that request by essentially determining that it appeared that Julie had been abused by applicant and Speights. As the State argues, the police report does not establish that only one person assaulted Julie. The information in the police report would have provided a stronger basis upon which to impeach Julie's identification of applicant, but not to the extent that there is a reasonable likelihood this information would have affected the jury's verdict or undermines our confidence in the verdict. In the police report and CAC

interview, Julie referred to the sexual abuse by Speights by referring to him as "Uncle Billy," in contrast to her references to applicant as "daddy" and "Bubba." Although it is true that Julie's testimony at applicant's trial vacillated at times and she acknowledged she had previously recanted her allegations against applicant, her testimony was found persuasive by the jury in spite of these issues. We cannot agree under these circumstances that the police report showing that Julie also alleged sexual abuse against Speights during approximately the same time period establishes a reasonable likelihood of a different outcome at trial had this information been disclosed to the defense.[5] Although applicant's discovery of this police report meets the procedural requirements for consideration of his subsequent habeas application and it would have been prudent for the State to tender it to the defense, the report is not material to applicant's guilt. We, therefore, deny habeas relief.

Delivered: November 7, 2018

Do Not Publish

---

[5] For reasons we have already essentially explained above, we also reject applicant's claim that his trial counsel was ineffective for failing to obtain this police report. *See Strickland v. Washington*, 466 U.S. 668 (1984). The record shows that, prior to trial, counsel requested access to Speights's file but was improperly denied access by the State based on its misrepresentation that the file contained no information relevant to applicant's case. Under these circumstances, counsel's performance did not fall below an objective standard of reasonableness, given that he properly requested the information at issue and his inability to obtain the police report was not due to any deficiency on his part. Accordingly, we deny relief as to applicant's ineffective-assistance claim.