# United States Court of Appeals for the Fifth Circuit

No. 20-30254
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2022

Lyle W. Cayce
Clerk

RICHARD A. SEATON, JR.,

*Petitioner—Appellant*,

*versus*

JERRY GOODWIN, *Warden, David Wade Correctional Center*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CV-1556

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.
PER CURIAM:*

Richard A. Seaton, Jr., Louisiana prisoner #595392, appeals the denial of 28 U.S.C. § 2254 application challenging his convictions and sentences for forcible rape and abusing his office as the Assistant Chief Administrator for the City of Shreveport. He argues that (1) his trial counsel rendered

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

ineffective assistance by failing to cross-examine the victim, K.W., and her mother, Kimberly Barnes, on several subjects and purported discrepancies, and (2) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), by withholding (a) the report of Officer Matthew Holloway of the Shreveport Police Department, (b) the recording of the 911 call made by Barnes, and (c) the "Background Event Chronology" (Chronology). To the extent that Seaton argues that his trial counsel rendered ineffective assistance by failing to introduce video evidence showing that he did not have time to dispose of certain items, his argument exceeds the scope of the certificate of appealability such that we lack jurisdiction to consider it. *See* 28 U.S.C. § 2253(c); *Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may not grant Seaton habeas corpus relief unless the state court judgment rejecting his constitutional claims "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). A state court's application of clearly established law is not unreasonable unless it is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). This standard is intentionally "difficult to meet," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102.

To prevail on a claim of ineffective assistance of counsel, Seaton must show that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 689-94

(1984). In reviewing an attorney's performance, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Under the prejudice prong, Seaton must show that there is a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different. *See id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation marks and citations omitted).

Seaton's ineffective assistance claims are all fundamentally based on the premise that his trial counsel should have attempted to show that K.W. consensually had sex with him and then lied about being raped in hopes of gaining leverage over the City of Shreveport to get her boyfriend released from jail, a theory which Seaton, himself, twice admitted on cross-examination made no sense. Seaton does not explain why counsel should have mounted such a defense when he identifies no evidence, including his own testimony, indicating that K.W. ever requested that he get her boyfriend out of jail or threatened him for refusing to do so. He fails to show that the State court's determination that counsel did not perform deficiently was contrary to, or an unreasonable application of, clearly established federal law or was based upon an unreasonable determination of the facts. *See Strickland*, 466 U.S. at 689; § 2254(d). Further, although he asserts that the trial court was entitled to have had the information that would have been gained from cross-examining K.W. and Barnes on the identified subjects prior to making its dispositive credibility determination, he offers no substantive argument showing that such information would have altered the outcome of his trial given the other, substantial record evidence supporting his conviction. *See Strickland*, 466 U.S. at 694. Seaton fails to show that he is entitled to § 2254

relief on his ineffective assistance of counsel claims. *See Strickland*, 466 U.S. at 689-94; § 2254(d).

To establish a *Brady* violation, Seaton must demonstrate that (1) the prosecution suppressed evidence that was (2) favorable to him and (3) material to the issue of his guilt or punishment. *See Smith v. Cain*, 565 U.S. 73, 75 (2012). The prosecution's duty to disclose extends to information affecting the credibility of witnesses whose testimony "may well be determinative of guilt or innocence." *Giglio*, 405 U.S. at 154 (internal quotation marks and citation omitted). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "A reasonable probability is one sufficient to undermine confidence in the outcome." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987) (internal quotation marks and citation omitted).

Seaton did not claim that the State withheld Officer Holloway's report in violation of *Brady* until he filed his reply in the district court; because the state courts did not adjudicate the merits of this claim, AEDPA deference does not apply, and this court reviews the district court's factual findings for clear error and its rulings on questions of law de novo. *See Miller v. Dretke*, 431 F.3d 241, 244 (5th Cir. 2005).

The district court held that the Holloway report was not material because the information contained therein was not sufficient to undermine confidence in the outcome of the trial in light of the record as a whole. *See Ritchie*, 480 U.S. at 57. Although Seaton speculates as to how the report could have been favorable to his defense, his speculation is insufficient to undermine confidence in the verdict given the other evidence of his guilt adduced at trial. *See Ritchie*, 480 U.S. at 57. He fails to show that the district court erred by denying this claim. *See Miller*, 431 F.3d at 244.

Likewise, while he speculates that the 911 recording and Chronology might have aided his defense, Seaton offers no substantive argument explaining how they would have been sufficient to undermine confidence in the verdict given the other evidence of his guilt adduced at trial. *See Ritchie*, 480 U.S. at 57. Given the deference owed the state court, he fails to show that he is entitled to habeas relief on these remaining *Brady/Giglio* claims. *See* § 2254(d).

AFFIRMED.