**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-10212 |
| Plaintiff-Appellee, | D.C. No.<br>4:19-cr-01094-JGZ-JR-1 |
| v. |  |
| ISAIAS DELGADO, | MEMORANDUM* |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted April 8, 2024
Phoenix, Arizona

Before:    HAWKINS, BADE, and DESAI, Circuit Judges.

Isaias Delgado challenges his jury trial conviction and sentence on one count

of dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    On de novo review, we conclude Delgado has not demonstrated that the

government withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(1963). *See United States v. Wilkes*, 662 F.3d 524, 534 (9th Cir. 2011). Delgado has not shown that either Exhibit 97 or the border crossing chart was "favorable to the defense and material to [his] guilt or punishment." *See Smith v. Cain*, 565 U.S. 73, 75 (2012). It is undisputed that Delgado already possessed the audio recording of the conversation transcribed as Exhibit 97. *See Wilkes*, 662 F.3d at 535 ("[E]vidence is material if it is of a different character than evidence already known to the defense." (internal quotation marks and citation omitted)). Further, the record demonstrates that the border crossing summary was not relevant to any issues at trial and was disclosed during the presentence investigation phase at a time when it could still be used during the sentencing hearing. *See United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) (disclosure "must be made at a time when disclosure would be of value to the accused" (quoting *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985))).

2. Delgado also has failed to show any evidentiary error. If a defendant has preserved an evidentiary objection, we review the decision to admit or exclude evidence for abuse of discretion. *See United States v. Wells*, 879 F.3d 900, 914 (9th Cir. 2018). If the defendant failed to raise the objection below, we review for plain error. *See id.* at 925.

a. The district court did not plainly err by admitting into evidence several firearms seized by agents of the Bureau of Alcohol, Tobacco, Firearms, and

Explosives ("ATF"). *See id.* The record does not support Delgado's contention that the government tampered with the evidence. Rather, Agent Cunningham testified that three of the firearms may have been assembled after ATF agents seized the component parts and all firearms were rendered safe for storage; the firearms otherwise remained in the condition in which ATF agents found them at the time of seizure.

b. The district court did not abuse its discretion by overruling Delgado's hearsay objection to certain portions of Agent Bort's testimony regarding his conversation with Delgado. Nor has Delgado established, for purposes of de novo review, that admission of those statements violated his rights under the Confrontation Clause. *See United States v. Brooks*, 772 F.3d 1161, 1167 (9th Cir. 2014). Delgado's statements were admissible in the government's case-in-chief as non-hearsay under Federal Rule of Evidence 801(d)(2)(A). Delgado has not shown that the statements of the GunBroker.com dealer were testimonial in nature or offered for the truth of the matter asserted. *See Lucero v. Holland*, 902 F.3d 979, 989 (9th Cir. 2018); *United States v. Arteaga*, 117 F.3d 388, 396 (9th Cir. 1997). Even assuming Delgado could establish that the statements of Roman Noble were inadmissible hearsay, any error in allowing Agent Bort to testify about those statements was clearly harmless, as Roman Noble also testified at trial about his conversation with Delgado and was cross-examined by defense counsel. *See*

*Brooks*, 772 F.3d at 1171 (court may sua sponte consider issue of harmlessness where, among other things, the harmlessness of an error is certain).

c.      The district court similarly did not abuse its discretion by sustaining the government's hearsay objection when Delgado attempted to have Agent Bort testify about Delgado's own statements. *See United States v. Liera-Morales*, 759 F.3d 1105, 1111 (9th Cir. 2014).   Agent Bort's direct testimony regarding Delgado's statements that a particular rifle had a jamming issue was not misleading as to whether Delgado claimed to have fired the gun.  Consequently, it did not trigger the rule of completeness, *see id.*, and Delgado identifies no other basis on which the statements were admissible.

d.      Finally, the district court did not abuse its discretion in connection with certain portions of Agent Cunningham and Agent Bort's testimony. To the extent that Agent Cunningham's statements at trial involved lay opinion testimony about certain "red flags" in her investigation, income thresholds for dealers, and her observations of Delgado's shooting range video, those statements were permissibly based on her involvement in the investigation. *See United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995).  And although the district court initially overruled Delgado's objection to Agent Bort's testimony regarding Delgado's familiarity with certain laws, the district court ultimately struck the entire line of questioning and instructed the jury not to consider the testimony.

22-10212

3.     Reviewing de novo Delgado's claim that the government engaged in improper burden shifting, we conclude that the government's single question about whether Delgado had produced certain records of sale was not so prejudicial as to render his trial fundamentally unfair. *Hein v. Sullivan*, 601 F.3d 897, 912–13 (9th Cir. 2010). The district court immediately reminded the jury of the government's burden of proof, sustained defense counsel's objection, and issued a curative instruction. *See id.*

4.     Nor did the district court abuse its discretion in applying a firearms trafficking sentencing enhancement under U.S.S.G. § 2K2.1(b)(5). *See United States v. Parlor*, 2 F.4th 807, 811 (9th Cir. 2021). The government presented additional evidence regarding firearms trafficking during the sentencing hearings, and the district court permissibly made additional factual findings when applying the enhancement. *See id.* at 814–15. We decline to consider Delgado's remaining arguments, which he raised for the first time in his reply brief. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006).

5.     Finally, we decline to consider on direct review Delgado's claim that his trial counsel rendered ineffective assistance. *See United States v. Velte*, 331 F.3d 673, 681 (9th Cir. 2003).

**AFFIRMED.**

22-10212