**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BRADLEY DAVID KNOX, | No. 23-35078 |
| Petitioner-Appellant, | D.C. Nos. 3:21-cv-05272-RSM |
| v. | 3:21-cv-05273-RSM-BAT |
| DANIEL W. WHITE, Superintendent of Washington Corrections Center, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted December 5, 2023**
Seattle, Washington

Before: N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

Bradley David Knox appeals the district court's denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus, challenging his state conviction for

unlawful possession of a controlled substance with intent to deliver, two counts of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

unlawful possession of a firearm, bail jumping, and solicitation to murder. Following his conviction by a jury, the Washington Court of Appeals affirmed the judgment in a lengthy and reasoned decision, the Deputy Commissioner of the Washington Supreme Court affirmed that appellate decision, and the Washington Supreme Court summarily denied Mr. Knox's motion to modify the Commissioner's ruling. After Mr. Knox filed his petition for habeas relief in federal court, the district court adopted the magistrate judge's findings and recommendations, and it too denied Mr. Knox's habeas petition.

In his timely appeal to this Court, Mr. Knox presents two claims for habeas relief, which were certified by the district court. *First*, he argues that the post-conviction courts erred by finding that the state's withholding of favorable evidence lacked a reasonable likelihood of affecting the jury's judgment under *Brady v. Maryland*, 373 U.S. 83 (1963). And *second*, Mr. Knox maintains that a set of errors, none of which individually violated his due process rights, cumulatively deprived him of the right to a fundamentally fair trial.[1]

We have jurisdiction over Mr. Knox's appeal under 28 U.S.C. §§ 1291 and 2253. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs our *de novo* review of the district court's denial of Mr. Knox's habeas

---

[1] Because the parties are familiar with the underlying facts and issues in this case, we do not recount them at length here.

petition. 28 U.S.C. § 2254(d); *see Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017). Under AEDPA, we defer to the last state court's reasoned decision on any claim that was adjudicated on the merits unless that decision is: "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under AEDPA's "demanding" standard, *Brown v. Davenport*, 596 U.S. 118, 134 (2022), we affirm the post-conviction courts' denial of Mr. Knox's habeas petition.

1.      The post-conviction courts reasonably concluded that the prosecution did not commit a *Brady* violation when it failed to disclose police reports, interviews, and documentary evidence describing a key prosecution witness's alleged misconduct. Under *Brady*, a petitioner must show that (1) the evidence in question was favorable to the defendant; (2) the prosecution possessed and withheld that evidence; and (3) suppression prejudiced the petitioner. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999); *see also Ochoa v. Davis*, 16 F.4th 1314, 1326 (9th Cir. 2021). It is undisputed that the prosecution withheld favorable evidence, meeting *Brady*'s first and second prongs. Under *Brady*'s third prong, withheld evidence is prejudicial, and thus material, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have

3

been different." *United States v. Alahmedalabdaloklah*, 76 F.4th 1183, 1229 (9th Cir. 2023) (quoting *Ochoa*, 16 F.4th at 1327) (emphasis omitted); *see also Giglio v. United States*, 405 U.S. 150, 154 (1972) (holding that evidence is material if it could "in any reasonable likelihood have affected the judgment of the jury"). In *Wearry v. Cain*, the Supreme Court clarified that, under *Brady*, a petitioner "must show only that the new evidence is sufficient to 'undermine confidence' in the verdict"; he "need not show that he 'more likely than not' would have been acquitted had the new evidence been admitted." 577 U.S. 385, 392 (2016) (quoting *Smith v. Cain*, 565 U.S. 73, 75–76 (2012)). Mr. Knox argues that the post-conviction courts misstated and unreasonably applied *Brady*'s materiality prong and made unreasonable factual determinations. We disagree.

The Washington Court of Appeals, as affirmed by the Commissioner, accurately recited and applied *Brady*'s materiality standard throughout its opinion. Although it twice used the word "likelihood" in discussing prejudice, it did not misapply *Wearry* by swapping *Brady*'s "reasonable probability" standard for a "more likely than not" standard. Instead, "reading the opinion as a whole" and "in context," *Mann v. Ryan*, 828 F.3d 1143, 1157 (9th Cir. 2016), the Washington Court of Appeals clearly understood and applied *Brady*'s requirements, and phrases like "unlikely [to have] affected the result at trial" were acceptable shorthand. *See Holland v. Jackson*, 542 U.S. 649, 655 (2004) (characterizing a

4

post-conviction court's use of the "unadorned word 'probably'" as "permissible shorthand when the complete *Strickland* standard is elsewhere recited"); *see also Woodford v. Visciotti*, 537 U.S. 19, 23–24 (2002) (reasoning that it was not error to use "the term 'probable' without the modifier 'reasonably,'" and criticizing the appellate court for its "readiness to attribute error [that] is inconsistent with the presumption that state courts know and follow the law").[2]

The Washington Court of Appeals also reasonably concluded that the withheld evidence was not prejudicial to Mr. Knox. Mr. Knox was charged with solicitation to murder three individuals while incarcerated at the Cowlitz County Jail. The prosecution based its solicitation-to-murder case on (1) the testimony of a jail-house informant and (2) an audio recording, in which Mr. Knox asked the informant to kill a man in exchange for drugs and cash. Of note, the audio recording only recorded Mr. Knox seeking to murder one individual; it did not discuss his desire to have the other two individuals murdered. Although the prosecution withheld information from Mr. Knox's counsel about the informant's

---

[2] Mr. Knox argues that the post-conviction courts ought to have applied the "one juror" rule announced in *Buck v. Davis*, 580 U.S. 100, 119–20 (2017). The Supreme Court has not applied the "one juror" rule—which assesses whether "at least one juror would have harbored a reasonable doubt" in light of new evidence, *id.* at 120—outside of capital habeas cases, rendering any errors in its application likely outside the scope of AEDPA's ambit. *See* 28 U.S.C. § 2254(d)(1). Regardless, the post-conviction courts reasonably determined that the "one juror" rule is encompassed by the reasonable-probability standard applied by the Washington Court of Appeals.

5

past alleged misconduct, the Washington Court of Appeals reasonably concluded that the jury was well aware of the informant's motivation to help the state, his previous run-ins with law enforcement, and his criminal history.

It also reasonably concluded that further discrediting information about the informant would have done little to move the needle. Unlike in *United States v. Obagi*, 965 F.3d 993, 998 (9th Cir. 2020) and *United States v. Kohring*, 637 F.3d 895, 900 (9th Cir. 2011), in which convictions were based on witness testimony later found to be incredible and lacking in sufficient corroborating evidence, Mr. Knox's conviction rested on objective evidence. The jury found Mr. Knox guilty of soliciting the murder caught on tape, and it acquitted him of the solicitation-to-murder charges exclusively based on the informant's testimony. Thus, it was not "objectively unreasonable for [the Washington Court of Appeals] to conclude that" further discrediting information about the informant would not have a "reasonable probability" of affecting the jury's judgment, foreclosing this basis for habeas relief. *See Browning v. Baker*, 875 F.3d 444, 464 (9th Cir. 2017).

Nor does Mr. Knox demonstrate that the post-conviction courts sufficiently mischaracterized, misapprehended, or misstated the facts to warrant habeas relief. The post-conviction courts carefully weighed the withheld evidence against the evidence presented at trial, and they reasonably found that the withheld evidence would not have a reasonable probability of affecting the jury's judgment. Mr.

6

Knox's frustration with those courts' findings of fact do not render them so "unreasonable" that "'reasonable minds reviewing the record' could not agree with them." *Ayala v. Chappell*, 829 F.3d 1081, 1094 (9th Cir. 2016) (citation omitted). So we affirm the district court's decision rejecting Mr. Knox's *Brady* claim.

2.    Mr. Knox separately claims that cumulative trial error resulted in a deprivation of his constitutional rights. "The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process whe[n] it renders the resulting criminal trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298, 302–03 (1973)). "We have granted habeas relief under the cumulative effects doctrine when there is a 'unique symmetry' of otherwise harmless errors, such that they amplify each other in relation to a key contested issue in the case." *Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011) (quoting *Parle*, 505 F.3d at 933). The cumulative impact of the errors must render the trial and sentencing "fundamentally unfair." *Id.* (quoting *Parle*, 505 F.3d at 927). When "no error of constitutional magnitude occurred, no cumulative prejudice is possible." *Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011).

The Washington Court of Appeals, as affirmed by the Commissioner, had a reasonable basis for finding that Mr. Knox's trial was affected by only two, non-prejudicial errors: *first*, the *Brady* violation discussed above and, *second*, the

7

prosecution's failure to "tie up" a set of suggestive cross-examination questions. But it was not "an objectively unreasonable application of clearly established due process law" to find that those errors did not deny Mr. Knox a fair trial. *Parle*, 505 F.3d at 929. And Mr. Knox does not show otherwise. Instead of explaining how these errors compounded one another to violate his constitutional rights, he merely relitigates his previously considered and rejected collateral attacks on the jury verdict. So we deny relief on this claim as well.

The district court's denial of Mr. Knox's habeas petition is **AFFIRMED**.