(LOCAL LAW.)

*Negress* SALLY HENRY, *by* WILLIAM HENRY, *her father and next friend,* v. BALL.

The act of assembly of Maryland, prohibiting the importation of slaves into that state for *sale or to reside,* does not extend to a temporary residence, nor to an importation by a hirer or person other than the master or owner of such slave.

ERROR on judgment, rendered by the circuit court for the county of Washington, in the District of Columbia, against the plaintiff, who was in that court a petitioner for freedom.

The plaintiff being a child, and the slave of the defendant, who resided in Virginia, was, some short

time before the month of May, 1810, put to live with Mrs. Rankin, then residing also in Virginia, whose husband was an officer in the marine corps, stationed in the city of Washington. Mrs. R. was to keep the girl for a year, and was to give her victuals and clothes for her services. Some time in May, 1810, Mrs. R. removed to Washington, and brought the petitioner with her, whether with or without the permission of Mr. Ball, is entirely uncertain. It was probably, though not certainly, with his knowledge. In October, 1810, Mr. Ball married, and soon after took the petitioner into his possession, and carried her home, he then residing in Virginia. Mrs. R. gave her up, being of opinion, though the girl had remained with her only seven or eight months, that she was bound to give her up when required by her master. Mr. B. afterwards removed himself into the city, and brought the petitioner with him. Upon this testimony the counsel for the petitioner prayed the court below to instruct the jury, that if they believed, from the evidence, that the defendant knew of the intended importation of the petitioner by Mrs. R., and did not object to it, then such importation entitled the petitioner to her freedom; and, further, that it was competent to the jury to infer, from his knowing of the importation, and not objecting to it, that such importation was made with his consent. This instruction the court refused to give; but did instruct the jury that if they should be of opinion that Mrs. R. was, at the time she brought the petitioner into the city of Washington, a citizen of the United States coming into the city of Washington

· with a *bona fide* intention of settling therein, then her importation of said slave was lawful, and did not entitle the petitioner to her freedom, whether the said importation were or were not made with the consent of the defendant. An exception was taken to this opinion, and the jury having found a verdict for the defendant, on which judgment was rendered by the court, the cause was brought into this court by writ of error.

1816.

Henry
v.
Ball.

*Key*, for the plaintiff in error, and petitioner, cited the act of the assembly of Maryland, of 1796, c. 67 s. 1, 2., contending, that its true construction applied only to *bona fide* owners, and not to bailees or hirers.

*Law*, contra, stated, that the domicil of the owner had been in Virginia, and that she was a *bona fide* emigrant from that state. Being a hirer of the slave, she was *pro hac vice* owner.[a] The act of assembly must be construed to refer to both species of property, qualified and absolute. He referred to the 6th section of the act to show that a property may be, in slaves, limited in point of time.

MARSHALL, Ch. J., delivered the opinion of the court, and after stating the facts, proceeded as follows:

Feb. 10th

This cause depends on an act of the state of Maryland, which is in force in the county of Washington. The first section of that statute enacts,

---

[a] 2 *Black. Com.* 254., and the civil law writers there cited.

1816.

Henry
v.
Ball.

" that it shall not be lawful to bring into this state any negro, mulatto, or other slave, for sale, or to reside within this state ; and any person brought into this state contrary to this act, if a slave before, shall, thereupon, immediately cease to be the property of the person or persons so importing or bringing such slaves within this state, and shall be free." The 2d section contains a proviso in favour of citizens of the United States coming into this state with a *bona fide* intention of settling therein, and bringing slaves with them. The 4th section enacts, that " nothing in this act contained shall be construed or taken to affect the right of any person or persons travelling or sojourning with any slave or slaves within this state, such slave or slaves not being sold or otherwise disposed of in this state, but carried by the owner out of the state, or attempted to be carried."

This act appears to the court not to comprehend the case now under consideration. The expressions of that part of the first section which prohibits the importation of slaves, are restricted to cases of importation " for sale or to reside in this state." The petitioner was obviously not imported for sale, nor is the court of opinion that the short time for which she was to continue with Mrs. Rankin can satisfy the words, " to reside within this state." The legislature must have intended to prohibit a general residence, not a special limited residence, where the slave is to remain for that portion of the year for which she was hired that still remained.

If on this point the first section of the act could be thought doubtful, the fourth section seems to re-

move that doubt. It declares that " nothing in the act contained shall be construed or taken to affect the right of any person travelling or *sojourning* with any slave or slaves within this state, such slave or slaves not being sold or otherwise disposed of in this state, but carried by the owner out of this state, or attempted to be carried."

This section sufficiently explains the residence contemplated by the legislature in the first section. The term *sojourning* means something more than " travelling," and applies to a *temporary*, as contradistinguished from a *permanent*, residence. The court is also of opinion, that the act contemplates and punishes an importation or bringing into the state by the master or owner of the slave. This construction, in addition to its plain justice, is supported by the words of the first section. That section declares, that " a person brought into this state as a slave contrary to this act, if a slave before, shall, thereupon, cease to be the property of the person or persons so importing or bringing such slave within this state, and shall be free." It is apparent, that the legislature had in view the case of a slave brought by the owner, since it is the property of the person importing the slave which is forfeited.

Upon the best consideration we have been able to give this statute, the court is unanimously of opinion, that the petitioner acquired no right to freedom by having been brought into the county of Washington by Mrs. Rankin for one year's service, she having been in the course of the year carried back to Virginia by her master,

1816.

Henry
v.
Ball.

The circuit court appears to have considered the case as coming within the proviso of the 2d section. If in this opinion that court were even to be thought mistaken, the error does not injure the petitioner, and is, therefore, no cause for reversal. The court is unanimously of opinion, that the judgment ought to be affirmed.

Judgment affirmed.